UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASEY J. RIBAUDO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON and THE FACEBOOK LONG TERM GROUP DISABILITY INCOME PLAN,<br><br>　　　　　Defendants. | NO.<br><br>COMPLAINT<br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132) |

## I.  NATURE OF CASE

1. This is an action for a determination of Plaintiff Casey J. Ribaudo's rights to disability benefits and to recover such benefits and other equitable relief.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

3. In September 2020, Mr. Ribaudo stopped working as the result of pain resulting from injuries he sustained in April 2020. Mr. Ribaudo submitted a claim for disability benefits through his employer Facebook, Inc.'s group disability plan, issued and insured by Defendant Lincoln Life Assurance Company of Boston. Lincoln Life Assurance Company of Boston, on behalf of the disability plan, approved Mr. Ribaudo's

COMPLAINT (ERISA) – 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

short-term disability ("STD") claim but denied and refused to pay his long-term disability ("LTD") claim and denied his ERISA-governed appeal that disputed the claim denial.

## II.   PARTIES

4.   ***Plaintiff Casey J. Ribaudo*** is an adult and a resident of King County, Washington. Mr. Ribaudo was an employee of Facebook, Inc., within the meaning of ERISA § 3, 29 U.S.C. § 1002(6). Mr. Ribaudo is a "participant," as defined by ERISA § 3, 29 U.S.C. § 1002(7), in The Facebook Long Term Group Disability Income Plan.

5.   ***Defendant The Facebook Long Term Group Disability Income Plan*** ("Facebook LTD Plan") is an "employee welfare benefit plan" within the meaning ERISA § 3, 29 U.S.C. § 1002(1).

6.   ***Defendant Lincoln Life Assurance Company of Boston*** ("Lincoln") is a foreign insurance company. Lincoln is an "administrator" of the Facebook LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(16), and is a "fiduciary" of the Facebook LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(21), and with respect to Mr. Ribaudo's LTD claim at issue in this case. Lincoln pays the fully insured benefits provided through the Facebook LTD Plan.

## III.   JURISDICTION AND VENUE

7.   ***Jurisdiction*** of this Court arises pursuant to ERISA, 29 U.S.C § 1001, *et seq.*, ERISA § 502, 29 U.S.C. 1132(a)(1)(B), (a)(3) and (e)(1).

8.   ***Venue*** is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, a defendant resides or may be found in this district.

## IV.   STATEMENT OF FACTS

9.   Mr. Ribaudo began to work for Facebook, Inc. through a staffing agency in May 2017 and became employed by Facebook, Inc. in April 2019.

COMPLAINT (ERISA) – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

10. On or about September 4, 2020, Mr. Ribaudo stopped working as the result of, *inter alia*, severe hip pain and back pain from injuries he sustained in April 2020 and has been unable to return to work due to his disability.

11. Mr. Ribaudo submitted a claim for benefits through Facebook, Inc.'s group disability plan(s), which includes STD and LTD coverage provided through insurance policies issued by Lincoln.

12. Lincoln approved Mr. Ribaudo's STD claim effective September 4, 2020 and paid Mr. Ribaudo weekly STD benefits from September 11, 2020 through March 2, 2021, the maximum benefit period under the STD coverage.

13. By letter dated February 24, 2021, Lincoln, on behalf of the Facebook LTD Plan, approved and confirmed that it would pay Mr. Ribaudo's LTD claim from March 3, 2021 through March 15, 2021 but denied coverage of his LTD claim effective March 16, 2021.

14. By letter dated February 3, 2022, and through subsequent submissions, Mr. Ribaudo appealed Lincoln's claim denial decision pursuant to ERISA.

15. By letter dated April 27, 2022, Lincoln, on behalf of the Facebook LTD Plan, denied Mr. Ribaudo's ERISA appeal and affirmed the decision denying his LTD claim.

## V. CLAIMS

**FIRST CLAIM—CLAIM FOR BENEFITS, ENFORCEMENT OF RIGHTS AND CLARIFICATION OF FUTURE BENEFITS RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)**

16. All allegations in the preceding paragraphs are incorporated herein.

17. Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Mr. Ribaudo is entitled to recover benefits due under the Facebook LTD Plan that were wrongfully withheld by Lincoln, on behalf of the Facebook LTD Plan, commencing March 16, 2021, and to enforce his rights under the terms of the Facebook LTD Plan.

COMPLAINT (ERISA) – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**SECOND CLAIM—CLAIM TO ENFORCE TERMS OF
THE PLAN UNDER ERISA § 502(A)(3), 29 U.S.C. § 1132(A)(3)**

18. All allegations in the preceding paragraphs are incorporated herein.

19. Pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21), Lincoln is responsible for the approval, payment, and/or denial of benefits under the terms of the Facebook LTD Plan, and thus is a fiduciary under ERISA.

20. ERISA imposes strict fiduciary duties upon plan fiduciaries, including Lincoln and the Facebook LTD Plan. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

21. Lincoln, on behalf of the Facebook LTD Plan, violated ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the Facebook LTD Plan and breached its fiduciary duty to Mr. Ribaudo.

22. As a direct and proximate result of Lincoln's acts and omissions on behalf of the Facebook LTD Plan, Mr. Ribaudo has suffered losses and seeks equitable relief compelling Lincoln and the Facebook LTD Plan to restore to Mr. Ribaudo all losses, including interest, arising from their breaches of their fiduciary duties.

23. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), Mr. Ribaudo seeks equitable remedies, including, without limitation, relief from Lincoln's and the Facebook LTD Plan's unjust enrichment, as well

COMPLAINT (ERISA) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

as disgorgement, restitution, estoppel, surcharge, and/or injunctive or declaratory relief arising out of their failure to administer the terms of the Facebook LTD Plan.

### THIRD CLAIM—CLAIM FOR ATTORNEY FEES AND COSTS UNDER ERISA § 502(G)(1), 29 U.S.C. § 1132(G)(1)

24. All allegations in the preceding paragraphs are incorporated herein.

25. Mr. Ribaudo is entitled to recover his attorney fees and costs under 29 U.S.C. § 1132(g)(1).

### VI.   REQUEST FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Enter judgment in his favor and against defendants for damages in an amount to be proven at trial due to defendants' failure to provide him benefits due under the Facebook LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

(b) Enter judgment in his favor and against defendants establishing his right to receive benefits under the Facebook LTD Plan and enforcing the terms of the Facebook LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

(c) Enter judgment in his favor of and against defendants awarding him equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3);

(d) Enter judgment in his favor and against defendants awarding his attorney fees and costs pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(e) Enter judgment in his favor of and against defendants awarding him such other relief as is just and proper.

COMPLAINT (ERISA) – 5

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

DATED: June 20, 2022.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

  /s/ Eleanor Hamburger
Eleanor Hamburger, WSBA #26478
*ehamburger@sylaw.com*

  /s/ Richard E. Spoonemore
Richard E. Spoonemore, WSBA #21833
*rspoonemore@sylaw.com*
3101 Western Avenue, Suite 350
Seattle, WA 98121
Telephone: (206) 223-0303
Facsimile: (206) 223-0246

MEGAN E. GLOR, ATTORNEYS AT LAW

  /s/ Megan E. Glor
Megan E. Glor, OSB #930178
*(pro hac vice application to follow)*
*megan@meganglor.com*
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

*Attorneys for Plaintiff*

COMPLAINT (ERISA) – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246