UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASEY J RIBAUDO,

                               Plaintiff(s),

        v.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON et al.,

                             Defendant(s).

CASE NO.
2:22–cv–00863–LK

ORDER REGARDING INITIAL
DISCLOSURES, JOINT STATUS
REPORT, AND EARLY
SETTLEMENT

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 4/13/2023 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 4/27/2023 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 5/11/2023 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov. If Defendants have appeared, the parties are directed to meet and confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of Federal Rules of Civil Procedure ("FRCP") 26(a) and 26(f), please notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

## II. JUDGE–SPECIFIC PROCEDURAL INFORMATION

Counsel and pro se parties are directed to review Judge King's chambers procedures at https://www.wawd.uscourts.gov/judges/king–procedures. **Counsel and pro se parties are expected to abide by the requirements set forth therein. Failure to do so may result in the imposition of sanctions.**

All counsel and unrepresented parties must review applicable Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, which can be found on the Court's website at www.wawd.uscourts.gov.

## III. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by May 11, 2023. This conference shall be by direct and personal communication, whether that be an in–person or virtual face–to–face meeting or a telephonic conference. The Report will be used to set a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1.   A statement of the nature and complexity of the case.

2.   A proposed deadline for joining additional parties.

3.   The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable S. Kate Vaughan may conduct all proceedings including trial and the entry of judgment. When responding

to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

    4.  A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in FRCP 26(f)(3), which includes the following topics:

        (A) initial disclosures;

        (B) subjects, timing, and potential phasing of discovery;

        (C) electronically stored information;

        (D) privilege issues;

        (E) proposed limitations on discovery; and

        (F) the need for any discovery related orders.

    5.  The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

        (A) prompt case resolution;

        (B) alternative dispute resolution;

        (C) related cases;

        (D) discovery management;

        (E) anticipated discovery sought;

        (F) phasing motions;

        (G) preservation of discoverable information;

        (H) privilege issues;

        (I) Model Protocol for Discovery of ESI; and

        (J) alternatives to Model Protocol.

    6.  For patent cases only: The case name, case number, and court or other tribunal

for any pending or prior action challenging the patent(s) at issue in the case.

    7.   The date by which discovery can be completed.

    8.   Whether the case should be bifurcated; e.g., by trying the liability issues before the damages issues; or bifurcated in any other way.

    9.   Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

    10.   Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

    11.   Any other suggestions for shortening or simplifying the case.

    12.   The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

    13.   Whether the trial will be jury or non–jury.

    14.   The number of trial days required.

    15.   The names, addresses, and telephone numbers of all trial counsel.

    16.   The dates on which the trial counsel may have complications to be considered in setting a trial date.

    17.   If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

    18.   Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

    19.   List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

20.   A certification that all counsel and any pro se parties have reviewed Judge King's chambers procedures, the Local Rules, and the applicable Electronic Filing Procedures.

21.   A certification that all counsel and any pro se parties have reviewed and complied with Judge King's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

## IV. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

## V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED: The 16th of March 2023

Lauren King
United States District Judge